## McCLENAGHAN v. McEACHERN.

1. APPEAL will not be dismissed for failure to serve copies of printed case as required by Rule 7, in absence of notice required by that rule.

2. APPEAL.—This Court is divided upon whether the notice required by Rule 1 applies to motions before the Court to dismiss an appeal for failure to file "return."

3. HOMESTEAD—WORDS AND PHRASES.—Under Constitution of 1868, a tract of land owned by husband adjoining lands of wife, upon which family reside, and cultivated by husband along with wife's lands, is not appurtenant to homestead.

4. IBID.—Husband or his heirs cannot claim homestead against his debts in the lands of the wife.

5. CASE DISTINGUISHED.—*Norton* v. *Bradham,* 21 S. C., 375, *distinguished from this.*

Before KLUGH, J., Florence, February, 1897.    Affirmed.

Action for partition by John C., Richard H., and Mary A. McClenaghan, against Leah McEachern, H. H. McClenaghan, Charles E. McClenaghan, J. Boyd, sr., J. Boyd Brunson, jr., and Bessie and Marie Brunson.    From verdict under instructions, plaintiffs appeal.

When case was called for trial here, respondents moved to dismiss: (1) because printed copies of "Case" had not been served on respondent, as required by Rule 7; and (2) because no return had been filed here.

Upon the first point, the Court held that in absence of showing that notice required by Rule 7 had been served on appellant, it could not grant the motion.

Upon second point, the Court was divided as to whether the ten days' notice of motion to dismiss for failure to file return, required by Rule 1, was applicable to the Court, or to motions before clerk only, no notice having been given, and motion to dismiss was, therefore, refused on both grounds..

*Mr. H. L. B. Wells,* for appellant (oral argument).

*Messrs. Woods & Shipp,* contra. The former cites: 41 S. C., 116; 20 Kan., 670; 2 Woods, 657; 16 Wis., 114; 13 Ia., 371; 36 N. H., 158; 33 Cal., 221; 42 Tex., 195; 7 Am. St. R., 182; 107 Ala., 465; 70 Am. Dec., 349; 39 Fla., 172; 117 Cal., 352.

December 8, 1899. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. The question presented by this appeal turns upon the inquiry whether the plaintiffs and certain of the defendants, who are the children of H. H. Mc-Clenaghan, are entitled to claim an interest in the land described in the complaint as the homestead of their deceased father, to which they have succeeded by his death. The facts upon which this inquiry turns are undisputed and may be stated as follows: The said H. H. McClenaghan at the time of his death was seized and possessed of the thirty acre tract described in the complaint (which it is conceded to be of a value less than $1,000), but neither he nor his family ever resided upon this tract—the family residence being upon an adjoining tract of 350 acres, which belonged to his wife for life and after her death to her children, which is conceded to be of the value of $1,500. This tract of thirty acres, however, was cultivated by the said H. H. McClenaghan during his lifetime in connection with the tract of 350 acres, upon which was his family residence, and after his death the said thirty acre tract was rented to tenants. During his lifetime one W. H. Betha recovered a judgment against said H. H. McClenaghan upon a cause of action arising prior to the adoption of the amendment of the Constitution in 1880, and, in fact, the judgment was entered before 1880. Under this judgment the thirty acre tract was levied upon by the sheriff and sold on the 5th of December, 1881, about a year after the death of said H. H. McClenaghan. At this sale said Betha became the purchaser and received title from the sheriff. Subsequently he sold and conveyed the said thirty acre tract to Leila C. Brunson, under whom

the defendants, the Brunsons, claim exclusive title to said tract and are now in possession thereof.

Under this state of facts, the only question presented is whether the thirty acre tract can be regarded 'as appurtenant to the 350 acre tract, belonging to the wife of the judgment debtor, and upon which he and his family resided up to the time of his death; for it is conceded that the case must be determined by the Constitution of 1868, as it stood prior to the amendment thereof in 1880, inasmuch as the debt against which the execution is claimed was not only contracted, but reduced to judgment prior to the amendment of 1880. Now, under the Constitution of 1868, the right of homestead is not only secured, but it prescribes what shall constitute the homestead—"dwelling house, outbuildings and lands appurtenant;" and as it is conceded that the thirty acre tract was never occupied by the judgment debtor as a family homestead, it could only be included in the exemption by virtue of being appurtenant to the real estate occupied as a family residence. Now, as the land upon which the family resided belonged to one person, Mrs. Mc-Clenaghan, and the thirty acre tract belonged to another person, Mr. McClenaghan, it is difficult to understand how the latter could be appurtenant to the former. There being no question of easement or servitude here, it is impossible to conceive how a tract of land belonging to one person can be regarded as appurtenant to another tract of land belonging to another person. The word appurtenant necessarily involves the idea that the owner of the dominant tenement (so to speak) has some legal right in the premises appurtenant to it. But in this case it is not and cannot be pretended that the owner of the tract of land occupied as a family residence had any legal right in the thirty acre tract of any kind whatsoever; and, therefore, the judgment debtor might, if he had so desired, have sold and disposed of the thirty acre tract without the consent or even against the wishes of his wife, and have given an absolute title to his grantee free from any claim on the part of his wife, except only her common law

right of dower, which, of course, cannot affect the question
we are considering.    But in addition to this, we do not think
that the fact that the thirty acre tract was immediately con-
tiguous to the tract occupied as a family residence, and was
cultivated as a farm along with the homestead premises pro-
per, would make the thirty acre tract appurtenant to the tract
upon which the family resided, even if the two tracts were
owned by the head of the family; for two lots of land in a
town or city may lie side by side, and if one is used as the
family residence and the other as a store or other place of
business, surely that would not make the latter appurtenant
to the former; and if one who owns a residence situate on a
tract of land upon which he carries on a farm, and at the
same time cultivates another tract of land, that alone would
not render the latter an appurtenance of the former.    If that
were the intention of the framers of the Constitution, they
selected language singularly inappropriate to the expression
of their intention.    If they had intended to exempt not only
the family residence but also any other lands used for the
support of the family, it would have been very easy and most
natural to have said so; but, instead of that, they confined
the exemption to the "dwelling house, outbuildings and lands
appurtenant"—using a well known legal term, "appurte-
nant"—which must receive its usual interpretation in the
absence of any language showing that a broader signification
should be given to it; and there is no such language in the
clause of the Constitution which is now under consideration.
Indeed, as we understand it, one of the objects of the amend-
ment of 1880 was to remove the restrictions upon the char-
acter of the property which a debtor could claim as exempt
under the homestead provision as originally adopted, so that
the debtor might claim an exemption in *any* land and in *any*
kind of personal property, even if he owned no real estate.

But, again, there is a practical difficulty in the way of the
view which we are contesting, which, as it seems to us, is
insuperable.    There can be no doubt that, under the provi-
sions of the Constitution in force at the time the debt

23—56

against which the homestead is claimed was contracted, such homestead must consist of the "dwelling house, out-buildings and lands appurtenant," and as such buildings are located on the 350 acre tract, which is conceded to be worth $500 more than the amount for which a homestead can be claimed, we do not see how it is possible *now* to say that any portion of the thirty acre tract, even if it could be regarded as appurtenant to the family residence, will be included in the homestead, as it does not appear that it has ever been laid off. If, therefore, the judgment debtor or his heirs could claim a homestead in the family residence, located on his wife's land, which in value exceeds the homestead limit, how does it appear in this case that such exemption will extend beyond the limits of the wife's land. But we know of no law which allows the husband, or his heirs, to claim a homestead in his wife's land, although there was a law (act of 1874, 15 Stat., 589,) which did allow a married woman having a separate estate, where her husband has not sufficient property of his own to constitute a homestead, to claim a homestead in her separate property *against her own debts.*

The case of *Norton* v. *Bradham,* 21 S. C., 375, does not apply to this case. There a wife, who owned a separate estate (her husband having no real estate) upon which they resided, claimed the homestead in such separate estate against her own debt—*not* the debt of her husband. Her claim was allowed, under the provisions of the act of 1874 above referred to, which was held to be constitutional. The constitutionality of that act was assailed upon the ground that it undertook to extend the homestead exemption to a person who was not the head of a family; but the Court held that, under a proper construction of the language used in the Constitution of 1868, the benefit of the exemption was not necessarily confined to the head of a family, who was the *owner* of the family residence, and that such language was used to designate a homestead, which, though actually owned by the wife, is yet the family

homestead of the head of the family, the husband, in the sense that it is the place of his residence and that of his family; and that, as the Constitution did not declare that the homestead should be exempt from levy and sale *for the debts of the head of the family* only, but should be exempt from levy and sale on any mesne or final process issued from any Court, the exemption might be extended to debts of any member of the family who might be the owner of the homestead. That case, therefore, differs materially from this. There the exemption was claimed by the wife, *against her own debt out of her own property,* while here the exemption is claimed against the debt of the husband, and *out of the property of the wife;* partly, at least, for there must be a family residence to constitute the basis of the claim, and that belonged to the wife and not to the husband.

It seems to us, therefore, that, in any view of the case, there was no error on the part of the Circuit Judge, and that the judgment of the Circuit Court should be affirmed, and it is so adjudged.